UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SOUTHWEST MISSISSIPPI
ANESTHESIA, P.A., INC.
D/B/A "THE PAIN TREATMENT
CENTER OF BATON ROUGE"

CIVIL ACTION

VERSUS

NO. 08-610-JVP-CN

MODERN RENOVATORS, INC.

## RULING

This matter is before the court on a Rule 12(b)(6) motion –or, alternatively, a motion for summary judgment– by plaintiff, Southwest Mississippi Anesthesia, P.A., Inc. ("Southwest") and third party defendant, Dr. Arnold Feldman ("Feldman") to dismiss the counterclaim and third party demand (doc. 12) of defendant, Modern Renovators, Inc. ("Modern"). Modern has opposed the motion (doc. 17) and Southwest and Feldman have replied to the opposition (doc. 22). Jurisdiction is based on 28 U.S.C. § 1332. There is no need for a hearing and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

In August of 2008, Southwest filed a petition in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, alleging that, on June 1, 2007, Southwest contracted Modern to "supply and install" a modular building in Baton Rouge. The petition alleges that Modern breached that contract and

1

applicable warranties by failing to substantially complete the building within the time allotted by the contract and through "defective work." (Original petition).

Modern removed the action on the basis of diversity jurisdiction, denied any liability under the contract, and, on February 26, 2009, filed a counterclaim and third party demand, joining Feldman as a third party defendant (doc. 12). The counterclaim and third party demand alleges that Feldman and Southwest are solidarily liable under the contract because Feldman owns Southwest and signed the June 1, 2007 contract with Modern as both owner of the facility and as a mandatary for Southwest. Modern further alleges that it has completed its contractual obligations, but despite repeated demands for payment, Feldman and Southwest have refused to pay the $100,000 owed Modern under the contract.

Modern also alleges that Feldman and Southwest are solidarily liable to it because Feldman, in his capacities as mandatary and owner of the facility, requested services which required Modern to incur expenses not covered by the contract. Modern, therefore, prays for the outstanding balance allegedly due under the contract as well as for compensation for other services rendered, and legal interest from the date payment was allegedly due. (Counterclaim and third party demand).

Southwest argues that the counterclaim and third party demand should be dismissed because: (1) Feldman signed the contract as a disclosed mandatary acting within the scope of his authority, so contractual liability can not be imputed to

2

him under Louisiana law; and (2) the claim against Southwest is invalid and premature in that Modern has yet to fulfill its duties to Southwest under the contract.

## LAW AND DISCUSSION

Though Southwest captioned the present motion "Rule 12(b)(6) Motion to Dismiss or, Alternatively Motion for Summary Judgment," the motion was not accompanied by a short and concise statement of undisputed material facts as is required by Uniform Local Rule 56.1 of a party submitting a motion for summary judgment.[1] Because the present motion does not satisfy the requirements of a motion for summary judgment, the motion will be analyzed strictly as a motion to dismiss pursuant to Rule 12(b)(6).[2]

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in her complaint are accepted as true and the allegations are construed in the light most favorable to her. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005) *cert.*

---

[1]Uniform Local Rule 56.1 provides:

> Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.

[2]Uniform Local Rules 56.1 and 56.2 are more than mere procedural hoops. By requiring movants to state material facts as to which they contend there is no genuine issue to be tried, and by requiring opposing parties to state material facts as to which they contend there exist genuine issues for trial, and by deeming admitted, for purposes of the motion, all uncontroverted material facts set forth by the movant, Uniform Local Rules 56.1 and 56.2 serve the purpose of judicial economy by narrowing the issues before the court on motions for summary judgment.

3

*denied,* 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004). "A dismissal for failure to state a claim is disfavored in the law and justified only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Matter of U.S. Abatement Corp.*, 39 F.3d 556, 559, (5th Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994); *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis in original).

The counterclaim and third party demand alleges in pertinent part:

> Modern Renovators entered into a written agreement with Dr. Arnold Feldman and The Pain Treatment Center for the construction, transportation and installation of a modular building in Baton Rouge, Louisiana. The agreement was signed by Dr. Arnold Feldman as owner of the facility *and* as agent for The Pain Treatment Center.

4

* * *

>Modern Renovators properly completed its work under the agreement and on the modular building. Despite repeated demands, The Pain Treatment Center *and* Dr. Feldman have refused to pay the outstanding balance of $100,000.00. Therefore, Modern Renovators seeks a Judgment holding Defendants liable for that amount, plus legal interest.

* * *

>During the course of dealings between the parties, Dr. Feldman *and/or* The Pain Treatment Center requested miscellaneous services and/or brought up numerous issues, including but not limited to, electrical issues. As a result, Modern Renovators incurred expenses to investigate those problems, which were not in any way related to, or caused by, the services and/or materials provided by Modern Renovators and was not within the scope the work required by the agreement. Therefore, Modern Renovators is entitled to recoup those expenses as well.

Counterclaim and Third Party Demand, ¶¶ VI, VIII, XI (italics added).

The pleading specifically alleges that Feldman signed the agreement not only as a mandatary for the company, but also as the owner of the facility.[3] The pleading also specifically alleges that Feldman and/or the company requested other services not covered by the agreement. Moreover, the pleading alleges that Feldman and/or Southwest have failed to pay the full amount allegedly due to Modern for the

---

[3] Though, La.Civ.Code art. 3016 provides that "[a] mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract," the article does not provide that the mandatary cannot also bind himself, personally, by signing a contract both as a mandatary and as a solidary obligor.

contractual and miscellaneous services it subsequently rendered. Though Modern must bear the burden at trial of proving that Feldman bound himself as a solidary obligor, the court, for purposes of this motion, accepts the well-pleaded facts alleged in the complaint as true and construes the allegations in the light most favorable to Modern. Upon doing so, the court concludes that Modern has stated a claim against Feldman sufficient to avoid dismissal under Rule 12(b)(6).

The reasoning above is also applicable to the claims asserted against Southwest. In its argument in support of the motion to dismiss, Southwest alleges facts either contrary to, or separate from those alleged in the pleading. Because the court, in a 12(b)(6) motion to dismiss, must not look beyond the pleading and must accept the facts alleged in the pleading as true and construe them in favor of the nonmovant, the court finds no merit in Southwest's argument.

## CONCLUSION

For the foregoing reasons, the motion by plaintiff, Southwest Mississippi Anesthesia, P.A., Inc., and third party defendant, Dr. Arnold Feldman, to dismiss the counterclaim and third party demand filed by Modern Renovators, Inc. (doc. 14) is hereby **DENIED**.

Baton Rouge, Louisiana, July 22, 2009.

RALPH E. TYSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA